**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**February 24, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 19-0502** (Harrison County 18-F-230-2)

**Michael Joseph Taber,**
**Defendant Below, Petitioner**

**MEMORANDUM DECISION**

In this criminal appeal, the Court issued a rule to show cause in contempt against the petitioner's counsel, Jonathan Fittro, to show cause why he should not be held in contempt and subjected to further sanctions after failing to perfect the appeal and otherwise comply with orders of this Court. This memorandum decision does not address the merits of the criminal appeal; it addresses only the rule to show cause in contempt against Mr. Fittro. Based upon Mr. Fittro's failure to perfect the appeal, appear during oral argument to show cause as directed, and otherwise comply with orders of the Court, we hold him in contempt. Considering the sanctions to be imposed, Mr. Fittro is hereby denied eligibility for any court-appointed cases until the Office of Disciplinary Counsel's investigation into this matter and any resulting disciplinary action are fully concluded. Additionally, Mr. Fittro is hereby removed as counsel for the petitioner, Michael Joseph Taber.

This matter involves the petitioner's appeal of his sentence of three to thirty-five years imprisonment following his convictions for burglary and forgery of a public document. By scheduling order entered on June 9, 2019, Mr. Fittro was directed to perfect the appeal in accordance with the Rules of Appellate Procedure on or before August 28, 2019. The appeal remains unperfected, and an extension of time to perfect the appeal has not been requested.

Accordingly, on September 10, 2019, a notice of intent to sanction was issued by the Court directing Mr. Fittro to perfect the appeal within ten days of receipt of the order. Counsel was reminded that failure to perfect the appeal could result in sanctions being imposed under Rule 10(j) of the Rules of Appellate Procedure. Once again, the appeal was not perfected, and on October 2, 2019, an amended notice of intent to sanction was issued directing Mr. Fittro to perfect the appeal on or before October 15, 2019. Again, the appeal was not perfected, and no additional pleadings or other documents were submitted by Mr. Fittro.

1

By order entered on January 9, 2020, the Court issued a rule to show cause in contempt against Mr. Fittro for failure to perfect the appeal and otherwise comply with orders of this Court. The January 9, 2020, order provided that the rule to show cause was returnable at ten o'clock a.m. on Tuesday, January 28, 2020. In the order the Court directed Mr. Fittro to show cause why he should not be held in contempt for failure to perfect the appeal, unless sooner mooted by perfecting the appeal. Additionally, the Court directed that Mr. Fittro be referred to the Office of Disciplinary Counsel for failing to perfect the appeal and for failing to respond to orders of the Court.[1] On January 22, 2020, this Court sent Mr. Fittro a notice of the January 28, 2020, appearance date, together with a copy of the "Argument Docket" listing the rule to show cause as number eight on the docket.

Mr. Fittro did not perfect the appeal, as set forth in the January 9, 2020, order. Further, he did not appear at ten o'clock a.m. on Tuesday, January 28, 2020, as directed in the January 9, 2020, order. To date, the appeal has not been perfected, and Mr. Fittro has failed to respond to this Court's orders entered in this matter.

Having considered Mr. Fittro's failure to perfect the appeal and otherwise comply with orders of this Court entered in this matter, we find him in contempt. Accordingly, we hereby order that Mr. Fittro be, and he hereby is, held in contempt for his willful violations of orders of this Court. Mr. Fittro is hereby denied eligibility for all court-appointed cases until the Office of Disciplinary Counsel's investigation into this matter and any resulting disciplinary action is fully concluded. Additionally, Mr. Fittro is hereby removed as counsel for the petitioner, Michael Joseph Taber. Crystal L. Walden, West Virginia Public Defender Services, is hereby appointed as counsel for the petitioner. Mr. Fittro is directed to immediately transfer his entire file in this matter to Ms. Walden. The Clerk of Court is directed to provide notice of this sanction to the circuit court in each county where Mr. Fittro routinely practices.

Sanctions imposed.

**ISSUED:** February 24, 2020

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[1] By referring this matter to the Office of Disciplinary counsel, we express no opinion regarding the initiation of a disciplinary proceeding. We likewise express no opinion regarding the resolution of any such proceeding that may be initiated.

2